**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ralpheal L. Robertson, Appellant.

Appellate Case No. 2014-001630

Appeal From Aiken County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-329
Submitted April 1, 2016 – Filed June 29, 2016

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wise*, 359 S.C. 14, 22-23, 596 S.E.2d 475, 479 (2004) ("The authority and responsibility of the trial court is to focus the scope of the voir dire

examination as set forth in [section 14-7-1020 of the South Carolina Code (Supp. 2015)]."); S.C. Code Ann. § 14-7-1020 ("The court shall, on motion of either party in the suit, examine on oath any person who is called as a juror to know whether he is related to either party, has any interest in the cause, has expressed or formed any opinion, or is sensible of any bias or prejudice therein . . . ."); *State v. Patterson*, 324 S.C. 5, 16, 482 S.E.2d 760, 765 (1997) ("The manner in which these questions are pursued and the scope of any additional voir dire are matters of trial court discretion."); *Wise*, 359 S.C. at 23, 596 S.E.2d at 479 ("[I]t is not enough that a question may be helpful.  Rather, the trial court's failure to ask or allow a question must render the defendant's trial fundamentally unfair.").

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.